RUFFIN LEE v. ANNA B. WILLIAMS.

*Practice—Instructions to Jury—Exception— Written Request.*

Where the Judge below, in instructing the jury, submitted a phase of a question which there was no evidence to support, an oral exception to the question immediately taken and noted and assigned as error for the case on appeal is sufficient to present the matter on appeal, though no written instruction on the subject was prayed for by the excepting counsel before the close of the evidence as provided by section 415 of *The Code*.

PETITION of plaintiff to rehear, argued at February Term, 1893, of the Supreme Court.

For former decision see 111 N. C., 200.

*Mr. John W. Graham,* for petitioner.
*Messrs. Batchelor & Devereux* and *C. D. Turner, contra.*

MACRAE, J.: We have carefully examined the authorities cited by counsel for petitioner upon the re-argument, as well as all others bearing upon the point of practice involved, and we are of the opinion that there is no ground upon which the conclusion heretofore reached should be disturbed. There is abundant authority under the very many adjudications upon section 415 of *The Code* to the effect that instructions prayed must be in writing as the statute requires, and that they must be made in apt time, which has been held to be at or before the close of the evidence, or they may be disregarded by the Court; and under the different subdivisions of section 412 of *The Code,* that exceptions for error in the charge cannot be made for the first time in this Court, but must be noted in the assignment of error on appeal; and further, that an omission to charge on a particular aspect of the case is not reviewable error unless an instruction was asked and refused, and an exception taken. All of these decisions are very carefully collated in the second edition of Clark's Code, under the sections indicated.

We hesitate to state our grounds for this decision, because it will involve a repetition of the opinion, which is the subject of this inquiry. The Court concurred in the opinion intimated by his Honor below that there was no evidence offered by the caveators which would sustain their contention. It appears that after this intimation by his Honor, the *caveators* "asked to have the jury pass upon the matter

any way," to which his Honor assented; and, as the case was to be argued before the jury, notwithstanding his Honor's opinion, the propounders, unnecessarily, we think, but out of abundant caution, called other witnesses, and the caveators did the same, thus on both sides uselessly consuming the time of the Court, unless, indeed, the caveators had found other testimony which, in the opinion of their counsel, tended to support their contention. Upon examination of the additional testimony we were still of the opinion that there was nothing to go to the jury to sustain the caveators.

The misapprehension of the learned counsel for the petitioner seems to be that the exception of the propounders was to an omission to charge something which they had not asked in writing, while in our view it was an error in a positive instruction based upon the assumption that there was evidence on the part of the caveators which ought to be passed upon by the jury.

His Honor, after instructing the jury that if they believed a certain state of facts to be true they should find for the propounders, added these words by way of qualification: " Unless the caveators have shown you from the evidence that the will was procured by the undue influence and conduct of the witness Jane Allison exercised over the deceased." To this charge an exception was immediately taken and noted, and was assigned as error for the case on appeal.

The authorities cited by petitioner, upon careful examination, will show no case like the present. They merely hold that a failure to object and except upon the trial precludes one from making the exception for the first time in this Court, or that an omission to charge is not the subject of exception, unless a request had been made to do so, and possibly other kindred examples, all of which we will not

attempt to state, for we wish to exclude any conclusion except that which arises from the facts of this case.

"Whenever a point arises on the trial of a cause, which it is important to either party to sustain, and there is no evidence offered upon it, it is not only no error in the Judge so to inform the jury, but it is his duty." *Satterwaite* v. *Hicks*, Busbee, 105.

It was the duty of his Honor to have told the jury that there was no evidence tending to establish the contention of the caveators, but he presented it to the jury upon the assumption that there *was* evidence of this character, and the propounder's counsel excepted.

We are not to be understood as holding, however, that such an exception can be taken for the first time in this Court.

It would consume more than our limited time to reduce to a written opinion the analysis of all the cases bearing upon this question, which we have felt impelled to make out of respect for the learned counsel who, upon a like careful investigation, have indicated a different opinion.

The Petition is Denied.